United States District Court
Southern Illinois District Court

JEFFREY J HYDE,                        22-334-JPG
        PLAINTIFF,

V.                Case No: N/A      JURY TRIAL
                                    DEMANDED

USP MARION,
FEDERAL BUREAU OF PRISONS,
                DEFENDANTS,

## CIVIL COMPLAINT

This is a civil rights action filed by Jeffrey Hyde pro-se for damages and injunctive relief under 28 U.S.C. §1331 alleging medical malpractice, medical negligence, deliberate indifference, and excessive force in violation of the Eighth and Fourteenth Amendment Rights to the U.S. Constitution. The plaintiff also alleges the torts of violation of PPE protocol and reckless endangerment to exposure of COVID-19.

## JURISDICTION

1. The Court has jurisdiction over the plaintiff's claim of violation of federal constitutional rights under 42 U.S.C. §1331(a) and 1343.

## PARTIES

2. The plaintiff, Jeffrey Hyde is incarcerated at USP Marion, where the events described in this complaint took place.

3. Defendants, USP Marion and the Federal Bureau of Prisons are being sued.

## FACTS

4. Plaintiff was sentenced to 15 months in a federal prison. Plaintiff arrived at USP Marion on November 30, 2021 and housed in G unit, a quarantine unit with 1 man cells, but plaintiff was forced to cell with another inmate in this 1 man cell, and he had to sleep on the floor.

5. On December 18, 2021, at approximately 10:05 p.m., Officer Moss turned on the fan on a night that it was 25 degrees. He then aimed the fan at the Plaintiff's cell, whereas there is no heat or central air in G Unit. The Plaintiff was very cold lying on the floor. Officer Moss for no apparent reason sprayed mace into the fan which triggered an asthma attack for the Plaintiff who suffers from severe asthma and must use Albuterol inhaler. Officer Mace displayed unprofessional conduct and excessive force.

6. The Plaintiff screamed for help because he was in fear of his life. After several attempts at cries for help, the Plaintiff gave up and suffered on the cold concrete floor because he was ignored.

7. On December 19, 2021, Nurse McGee was informed of the mace incident by the Plaintiff, but did nothing.

8. On December 20, 2021, Lieutenant Brooks came to G Unit at the request of the Plaintiff and took pictures of him and all the affected inmates who were exposed to the mace.

9. On January 7, 2022, S.I.S. Lieutenant Mitchell called me and interviewed me and took copies of my statement.

10. On January 7, 2022, Plaintiff was housed in L Unit in cell 236, an illegal 3 man cell.

11. On January 8, 2022, Plaintiff filed a BP-8 on Officer Moss claiming bizarre behavior, unprofessionalism, and excessive force.

12. On January 12, 2022, L Unit went on a complete lockdown due to a COVID-19 outbreak.

13. On January 19, 2022, I was informed that I tested positive for COVID-19, from the prior day of testing. L Unit did not come up off of lockdown until medical forced everyone to contract COVID-19. They (USP Medical) also did this in

November 2020. Unit eventually came off of lockdown on February 8, 2022.

14. COVID-19 thrives in densely populated areas like USP Marion. USP Marion is overcrowded and unsanitary, and there is no way to social distance. American prisons are a petri dish for COVID-19.

15. Under the Obama administration, 3 man cells were deemed no longer admissable in the FBOP. Especially now, with a global pandemic that is ravenously devouring the incarcerate class, it is essential to house a maximum of 2 inmates to a cell. Yet USP Marion disregards federal laws, and continues, with full knowledge to house inmates in illegal 3 man cells. This deliberate indifference makes USP Marion an incubator for COVID-19.

16. The solution that USP Marion implement is to admit their shortcomings of disregarding PPE protocol, CDC guidelines, and federal law is to pay the federally administered fines, which paint a vivid picture of their guilt.

17. Plaintiff signed a plea deal for 15 months, yet USP Marion has illegally enhanced his federal sentence to a death sentence. Plaintiff suffers from preexisting chronic health problems: severe asthma whereas he must use an Albuterol inhaler and hypertension (high blood pressure). Plaintiff is a high risk to stroke, heart attack, and even death if he was to contract COVID-19 at anytime. To continue to house the Plaintiff in an illegal 3 man cell is a violation of his Eighth Amendment Right to cruel and unusual punishment as the U.S. Supreme Court held in Farmer v. Brennan, 511 U.S. 825 (1994), "the government and its officials are not free to let the state of nature take its course." Lawsuits filed nationwide by inmates states, "Failing to prevent and mitigate the spread of COVID-19 endangers not only those within the institution, but the entire community." With that being said, Plaintiff's Fifth,

3.

Sixth and Fourteenth Amendment Rights have also been viciously violated without any regard for the Plaintiff's safety. Due to his chronic health ailments, Plaintiff will die in an illegal 3 man cell if he is exposed to the COVID-19 virus.

18. However, Plaintiff does not care about the safety of the Plaintiff, or other inmates, and they continue to unsafely and inhumanely house inmates in illegal 3 man cells. Plaintiff must be held accountable for their wanton disregard of the U.S. Constitution, PPE protocol, and federal laws.

19. USP Marion admit their guilt to all of the above mentioned statements by simply and happily paying all federally administered fines against them. Plaintiff does not believe in a fine when it comes to his life.

## CONCLUSION

WHEREFORE, Plaintiff seeks monetary relief jointly and severally against defendants USP Marion and the Federal Bureau of Prisons for the mental anguish, pain and suffering, emotional injury, punitive damages, and statutory damages in the sum of $1,000,000.⁰⁰ (1 million dollars). Plaintiff requests $1 Million dollars.

Date: Feb. 22, 2022
28 U.S.C. § 1746/1621

Respectfully Submitted,
Jeffrey J. Hyde
Reg # 15267-026
USP Marion
P.O. Box 1000; Marion, IL 62959

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was mailed via U.S. Postal Service to the address listed below, on the date listed below.

Date: Feb. 22, 2022
28 U.S.C. § 1746/1641

Jeffrey Hyde

— Clerk of Court / Southern District of Illinois
750 Missouri Ave.
East St. Louis, IL 62201

15267-026

Jeffery J Hyde Sr.
15267-026
4500 Prison RD
Marion, IL 62959-0000
United States *penitentiary*

FOREVER USA
PURPLE HEART

CLEAR

MAIL CLEARED
MARSHALS

Clerk of Court
Southern District of Illinois
750 Missouri Ave.
East St. Louis, IL 62201

LEGAL MAIL

6220132954 C002



RECEIVED

FEB 2 5 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Warden
United States Penitentiary
Marion, IL. 62959

Date : _____

The enclosed letter was processed through
special mailing procedures for forwarding to you.
The letter has neither been opened nor inspected.
If the writer raises a question or problem over
which this facility has jurisdiction, you may wish
to return the material for further information on
clarification. If the writer encloses correspondence for
forwarding to another addressee, please return the
enclosure to the above address.